Katherine Wagner
Inlet Law, LLC
Anchorage Office
1007 W. 3rd Ave., Suite 300
Anchorage, AK 99501
(907) 759-8765
Filings@inlet-law.com
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| John Doe<br>Plaintiff,<br>v.<br><br>Kristi McLean, et al.,<br><br>Defendants. | **CIVIL DIVISION**<br><br>Case No. 3:26-cv-00307 |

# MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

## I. Introduction

Plaintiff John Doe respectfully requests leave to proceed under a pseudonym because this action necessarily requires him to litigate highly sensitive matters concerning his HIV status, related medical information, sexual orientation, and allegations concerning his sexual history.

Plaintiff's claims arise in substantial part from the alleged unauthorized discovery, disclosure, and misuse of that private information. Plaintiff alleges, among other things, that Defendant Kristi McLean discovered that Plaintiff was HIV positive without Plaintiff voluntarily disclosing that information to her; warned Plaintiff that disclosure of his HIV status could cause him to lose his anticipated employment; disclosed his HIV status and made stigmatizing statements concerning his sexual history to a 911 dispatcher; and thereafter communicated with individuals associated with Plaintiff's anticipated employer.

Plaintiff has historically treated his HIV status as highly private and had disclosed it to very few people before the events giving rise to this action. Doe Decl. ¶¶ 5-6. Plaintiff is also gay and married. *Id.* ¶ 10. He reasonably fears that publicly identifying him in this litigation would permanently associate his true name with his HIV status, sexual orientation, and allegations concerning his sexual history, exposing him to stigma, harassment, adverse employment consequences, and harm to his personal relationships, including his marriage. *Id.* ¶¶ 8-9.

Plaintiff does not seek to conceal the substance of this litigation from the public, nor does he seek to conceal his identity from the Court or Defendants. The Complaint and substantive proceedings may remain publicly accessible. Plaintiff seeks only to prevent his true identity from being publicly associated with the intensely private medical and personal information at issue in this case.

Under the balancing test established by the Ninth Circuit in *Does I thru XXIII v. Advanced Textile Corp.*, Plaintiff's need for pseudonymity outweighs any prejudice to Defendants and the public's interest in knowing Plaintiff's true identity. 214 F.3d 1058, 1068 (9th Cir. 2000). The Court should therefore permit Plaintiff to proceed publicly as John Doe.

## II. Legal Standard

Federal Rule of Civil Procedure 10(a) generally requires that a complaint "name all the parties." The Ninth Circuit nevertheless permits parties to proceed pseudonymously in "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1067–68 (9th Cir. 2000). In determining whether pseudonymity is warranted, courts consider: (1) the

severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such harm; (4) prejudice to the opposing party; and (5) the public interest. Id. at 1068; *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). A plaintiff must demonstrate both "a fear of severe harm" and that "the fear of severe harm is reasonable," which the Ninth Circuit has identified as the "two most important factors." *Kamehameha Schs.*, 596 F.3d at 1043; see also *Doe v. Ventura Unified Sch. Dist.*, No. 25-6117, 2026 WL 1429744, at *3 (9th Cir. May 21, 2026) (unpublished).

Federal Rule of Civil Procedure 5.2 further recognizes the Court's authority to protect sensitive information in judicial filings. See Fed. R. Civ. P. 5.2(d), (e). Plaintiff separately seeks leave to file under seal the declaration identifying his true name and providing the factual basis for this Motion.

## III. Argument

### A. Severity of the threatened harm

The information necessarily implicated by this litigation is intensely personal. Plaintiff's claims concern his HIV status and treatment, his sexual orientation, and allegations made by Defendant McLean concerning Plaintiff's sexual history and the circumstances under which he contracted HIV.

If Plaintiff is required to litigate under his true name, this information will become permanently associated with his identity in a publicly accessible federal court record. Plaintiff is concerned that such disclosure will expose him to stigma, harassment, adverse employment consequences, and harm to his personal relationships, including his marriage. Doe Decl. ¶ 11.

The threatened harm is therefore not limited to ordinary embarrassment associated with litigation. Plaintiff would be required, as the price of seeking judicial redress for the alleged disclosure and misuse of his private medical information, to make that information substantially more accessible to the public under his true identity.

This factor weighs in favor of pseudonymity.

### B. Reasonableness of Plaintiff's concerns

Plaintiff's concerns are not merely generalized or speculative. The events underlying this action themselves demonstrate why Plaintiff reasonably fears consequences from broader disclosure of his HIV status.

Plaintiff alleges that after McLean learned he was HIV positive, she warned him that he could lose his anticipated employment if his HIV status became known. Plaintiff further alleges that McLean disclosed his HIV status to a 911 dispatcher, made stigmatizing statements concerning Plaintiff's sexual history and the manner in which he contracted HIV, threatened that Plaintiff's anticipated employer would "hear about" him, and subsequently communicated with individuals associated with that employer.

Plaintiff's concern that broader public disclosure could affect his employment, reputation, and personal relationships therefore arises from the very conduct giving rise to this action. Doe Decl. ¶ 11.

Requiring Plaintiff to proceed publicly under his true name would substantially broaden the dissemination of information that Plaintiff alleges has already been used and disclosed in a manner harmful to him.

This factor weighs strongly in favor of pseudonymity.

**C. Plaintiff's vulnerability**

Plaintiff has historically treated his HIV status as private and disclosed it to very few people. Doe Decl. ¶ 6. Once Plaintiff's true name is publicly connected to his HIV status and the intimate allegations involved in this litigation, that disclosure cannot practically be undone.

Publicly filed federal court records may be accessed by persons having no connection to this litigation. Plaintiff reasonably fears that prospective employers, professional contacts, acquaintances, and persons in his personal life could thereby associate his identity with the medical and intimate information disclosed in this case. *Id.* ¶ 9.

Pseudonymity provides a narrowly tailored means of reducing that harm while permitting the substance of Plaintiff's allegations to remain public.

This factor favors Plaintiff.

**D. Lack of prejudice to Defendants**

Plaintiff does not seek to conceal his identity from Defendants. He is willing to disclose his true identity to Defendants as necessary for purposes of this litigation, subject to appropriate confidentiality protections. Doe Decl. ¶ 13.

Defendants therefore will remain able to investigate Plaintiff's allegations, conduct discovery, examine Plaintiff, obtain relevant records, and otherwise defend against his claims. Moreover, the principal Defendants directly interacted with Plaintiff during the events alleged in the Complaint and therefore are not being required to defend against allegations made by an unknown individual.

Plaintiff seeks only to use the pseudonym "John Doe" in documents available to the general public. That limited protection will not materially impair Defendants' ability to defend this action.

This factor weighs in favor of pseudonymity.

**E. Public interest**

Plaintiff recognizes the public's legitimate interest in open judicial proceedings. His request, however, does not require sealing the substance of this litigation.

The Complaint may remain publicly available. The public may review Plaintiff's allegations, Defendants' responses, the parties' legal arguments, the evidence properly filed in the record, and the Court's decisions. Plaintiff seeks to protect only the connection between his true identity and the highly sensitive medical and personal information at issue.

Disclosure of Plaintiff's true name would add little to the public's ability to understand the conduct alleged, the legal issues presented, or the Court's resolution of those issues. By contrast, disclosure would substantially diminish the privacy protection Plaintiff seeks by permanently associating his identity with his HIV status and the intimate allegations underlying this litigation.

Accordingly, the public interest does not outweigh Plaintiff's need for pseudonymity.

## IV. Conclusion

Plaintiff's request is narrow. He does not seek to litigate his claims in secret or conceal his identity from the Court or Defendants. He seeks only to prevent his true name from being publicly and permanently associated with his HIV status, sexual orientation, and allegations concerning his sexual history.

The sensitive nature of the information, the concrete circumstances giving rise to Plaintiff's concerns, the limited prejudice to Defendants, and the public's continued access to the substance of the litigation weigh in favor of pseudonymity under *Advanced Textile*.

Plaintiff respectfully requests that the Court grant his Motion to Proceed Under a Pseudonym and permit him to proceed publicly as "John Doe."

Respectfully submitted,

DATED: August 25, 2026

/s/ Katherine R. Wagner
Katherine R. Wagner
Alaska Bar No. 2503016
INLET LAW, LLC
Anchorage Office
1007 W. 3rd Ave., Suite 300
Anchorage, AK 99501
(907) 759-8765
Filings@inlet-law.com
*Counsel for Plaintiff*